# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

RAMAH MARRIS,           )
                            )
       Plaintiff,       )
                            )
v.                         )      Case No. CIV-14-471-D
                            )
ADRIANNA ULLOA-MARQUEZ,)
JOHN NOWAKOWSKI, and   )
WESLEY SMITH,         )
                            )
       Defendants.     )

## AMENDED REPORT AND RECOMMENDATION

Plaintiff has initiated suit against three private citizens under 42 U.S.C. § 1983. Doc. 1. United States District Court Judge Timothy D. DeGiusti has referred this matter to the undersigned Magistrate Judge for initial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B), (C). The undersigned recommends that the court dismiss Plaintiff's complaint without prejudice based on a lack of subject matter jurisdiction.

## I.    Plaintiff's complaint.

Plaintiff alleges that on May 30, 2009, he was involved in an automobile accident with Defendant Ulloa-Marquez and that her negligence caused the accident. Doc. 1, at 4-5.[1] Plaintiff sued Defendant Ulloa-Marquez in Oklahoma County District Court, Case No. CJ-2009-9297, and Defendants

---

[1]    Page citations refer to the court's CM/ECF pagination.

Nowakowski and Smith, attorneys for Farmer's Insurance Company, represented Defendant Ulloa-Marquez in that action. *Id.* at 1-2.

Plaintiff claims that this Court has subject matter jurisdiction over the action because the state court dismissed his case without prejudice in 2013, within one year of his filing this suit. *Id.* at 6. Plaintiff notes that Defendant Ulloa-Marquez was not acting under color of state law, *id.* at 1, but says, without explanation, that Defendants Nowakowski and Smith were acting under color of state law. *Id.* at 2-3. Plaintiff makes no factual allegations against either Defendant Nowakowski or Smith.

## II.    Subject matter jurisdiction.

Although the undersigned sees many red flags in Plaintiff's complaint, the threshold inquiry must involve the existence of the court's subject matter jurisdiction. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998) ("The requirement that jurisdiction be established as a threshold matter 'springs from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" (citation and internal brackets omitted)). Plaintiff elected to bring suit under § 1983, and a showing that defendants were acting "under color of state law" is "a jurisdictional requisite for a § 1983 action[.]" *Polk Cnty. v. Dodson*, 454 U.S. 312, 315 (1981). "[T]he only proper defendants in a [§] 1983 claim are those

who represent the state in some capacity . . . ." *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir. 1995).

Plaintiff has not sufficiently alleged that any named defendant was representing the state in any capacity. For example, Plaintiff admits that Defendant Ulloa-Marquez was not acting under color of state law at the time of the car accident. Doc. 1, at 1. And, although he makes a single statement – without any explanation – that Defendants Nowakowski and Smith were acting under color of state law, Plaintiff's allegations reflect that these individuals were private insurance attorneys representing a private citizen in state court litigation. *Id.* at 2-3. It is well established that "'[t]he conduct of an attorney acting in his professional capacity while representing his client does not constitute action under color of state law for the purposes of § 1983.'" *Beedle v. Wilson*, 422 F.3d 1059, 1073 (10th Cir. 2005) (citation omitted); *see also Robles v. State Farm Ins.*, 509 F. App'x 748, 750 (10th Cir. 2013) (rejecting plaintiff's claim that attorneys for insurance company acted under color of state law merely because state laws were allegedly broken during the car accident and subsequent state court litigation).

The undersigned finds that Plaintiff's complaint fails to sufficiently show that any named defendant was acting "under color of state law," and this Court therefore lacks jurisdiction under § 1983. So, the court should dismiss Plaintiff's complaint without prejudice. *See Lay v. Otto*, 530 F. App'x

800, 802-803 (10th Cir. 2013) (remanding case to district court for an order of dismissal "'without prejudice' for lack of subject matter jurisdiction" where plaintiff failed to show that the named defendants were acting "under color of state law" for purposes of § 1983).

## III.    Recommendation and notice of right to object.

For the foregoing reasons, the undersigned recommends that the court summarily dismiss Plaintiff's complaint without prejudice based on a lack of subject matter jurisdiction.    Adoption of this recommendation will moot Defendants' motion to dismiss, Doc. 6.

The parties are advised of their right to file an objection to the report and recommendation with the Clerk of this Court by July 8, 2014 in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72.    The parties are further advised that failure to make timely objection to the report and recommendation waives the right to appellate review of both factual and legal questions contained herein.    *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation disposes of all issues referred to the Magistrate Judge in this matter.

IT IS SO ORDERED this 18th day of June, 2014.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE